IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE CAPLAN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NH EXTERIORS, INC.<br><br>Defendant. | Case No. |

**CLASS ACTION COMPLAINT**

Plaintiff George Caplan (hereinafter referred to as "Plaintiff" or "Mr. Caplan"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**I.  PRELIMINARY STATEMENT**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Defendant NH Exteriors, Inc. ("New Hampshire Exteriors") made telemarketing calls to residential numbers listed on the National Do Not Call Registry, like Mr. Caplan's telephone number, which is prohibited by the TCPA.

4. Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

5. A class action is the best means of obtaining redress for Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II. PARTIES

6. Plaintiff George Caplan is a Massachusetts resident and a resident of this District.

7. Defendant NH Exteriors, Inc. is a New Hampshire corporation that is registered to do business in this state, with a registered agent of Ahmet Sari, 5203 Thompson Farm., Bedford, MA 01730.

## III. JURISDICTION & VENUE

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. This Court has jurisdiction over Defendant, who regularly engages in business in this District, including making telemarketing calls into this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff occurred in this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V.  FACTUAL ALLEGATIONS

15. Defendant New Hampshire Exteriors is a home renovation and remodel company that makes telemarketing calls.

16. Those telemarketing calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

**A.  The Calls to Mr. Caplan**

17. Mr. Caplan is a "person" as defined by 47 U.S.C. § 153(39).

18. Mr. Caplan's residential telephone number is 978-263-XXXX.

19. That telephone number is a landline.

20. Mr. Caplan listed that telephone number on the National Do Not Call Registry on August 16, 2003 and has not removed it from the Registry since that time.

21. Mr. Caplan uses his telephone number for personal, residential, and household purposes.

22. Mr. Caplan's residential telephone number is not associated with any business.

23. In 2022 and 2023, Mr. Caplan received multiple telemarketing calls from the Defendant.

24. Mr. Caplan received at least 6 such telemarketing calls, including on January 25, August 30 and October 27, 2022 and May 16, July 17 and September 23, 2023.

25. The calls all followed a similar telemarketing script.

26. The caller indicated that they were going to be "in their neighborhood" working on houses and offered a solicitation to Mr. Caplan where they could perform work on his house.

27. The solicitation related to work that could be done for roofing and siding.

28. The Plaintiff was uninterested and terminated the calls.

29. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

30. The Defendant has indicated its use of telemarketing in response to the multiple consumer complaints it has received related to the Do Not Call Registry:

> On 17 May 2023 our company purchased data from a new vendor. It was our understanding that the data was free of issues. On the morning in question we prepared the data and entered it into our system for dialing and added it to the stack our booking agents were processing: this occurred around 10am-ish. The consumer received a call approximately a half hour later. The call with the consumer lasted just short of 3 minutes. He requested numerous details about the company all of which were supplied. The Booking Agent immediately added his number to our internal 'Do Not Call List' that instructs the dialer to not call him again. This is our busy time of the year but we are looking into our procedures and the quality of the data received from the new vendor to determine how we may prevent this from happening again. We apologize to the complainant and any others that may have been inadvertently contacted before we discontinued use of the list.

> NH Exteriors is a 31 year old company that has traditionally operated an outbound call center.  Computers do the dialing, and hand off connected calls to a waiting live agent.  We purchase data supplied from reputable vendors that is checked against the National Do Not Call List and maintain an internal Do Not Call List for individuals making this request of us.  Because we use computers, absolutely everything is tracked and documented. When our system dials a consumer, and we fail to reach a human, the system will schedule another attempt sometime later at a different time of the day.  Over the course of a handful of days perhaps 3-ish attempts will be made if we make no human contact.  If we do make contact, the call will be  manually noted by the agent as to the results of the call. The computer reports that we reached this individual once on or about the date of his complaint. The entire call was 12 seconds long.  The call was dispositioned by the agent by adding the consumer's phone number to our internal Do Not Call List. There is no indication that the agent was inappropriate at any time. We would like to apologize to the gentleman for any inconvenience he felt with the 12 second call.  He was placed on our internal list.  He won't receive additional calls.

> We understand Mr. ******* concern and frustration. We most definitely want to apologize for the inconvenience he received. It's never our intention to violate any law or regulation. We have systems in place to prevent calls to DNC listed phone numbers... but once machines do their jobs human beings take over. Lists are checked prior to purchase but then humans occasionally update records manually. I do not know how we happen to call the complainant, but it was likely human error. Again, I would like to apologize for the inconvenience. The number we dialed was added to our internal DNC list pursuant to the complainant's request and federal law and our system will not dial his number again.

*See* https://www.bbb.org/us/nh/suncook/profile/siding-contractors/nh-exteriors-inc-0051-3003390/complaints (last visited Octobe 11, 2023).

## VI.     CLASS ACTION STATEMENT

31. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

32. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of the

Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

33. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34. The Class as defined above are identifiable through phone records and phone number databases.

35. The potential members of the Class number at least in the thousands.

36. Individual joinder of these persons is impracticable.

37. The Plaintiff is a member of the Class.

38. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;
>
> (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant' conduct constitutes a violation of the TCPA;
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant' conduct.

39. Plaintiff's claims are typical of the claims of members of the Class.

40. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

41. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

42. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

43. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

44. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

45. The Defendant' violations were negligent, willful, or knowing.

46. As a result of Defendant' and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

47. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

*/s/ Anthony I. Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com